Submitted June 6, reversed July 10, 2013

Melissa Elaine DOYLE,
*Petitioner-Respondent,*

*v.*

Judy Marie ROHRBACH,
*Respondent-Appellant.*

Lane County Circuit Court
191216873; A152505

306 P3d 789

Sarah Peterson and Metcalfe & Peterson LLC filed the brief for appellant.

No appearance for respondent.

Before Duncan, Presiding Judge, and Haselton, Chief Judge, and Armstrong, Judge.

PER CURIAM

## PER CURIAM

Respondent[1] appeals the trial court's continuance of the restraining order issued against her under the Elderly Persons and Persons with Disabilities Abuse Prevention Act (the Act), ORS 124.005 to 124.040. Respondent argues, *inter alia*, that the trial court erred in finding that petitioner, who bore the burden of proving that the requirements for the issuance of the restraining order had been met, presented sufficient evidence that she was in immediate and present danger of further abuse by respondent. For the reasons explained below, we reverse.

Under the Act, "an elderly person or a person with a disability who has been the victim of abuse within the preceding 180 days * * * may petition the circuit court for relief under ORS 124.005 to 124.040, if the person is in immediate and present danger of further abuse from the abuser." ORS 124.010(1)(a). "Immediate and present danger under this section includes but is not limited to situations in which the respondent has recently threatened the elderly person or person with a disability with additional abuse." ORS 124.020(4). An order issued under the Act is effective for one year, ORS 124.020(1), unless it is terminated, ORS 124.030(2), or renewed "[f]or good cause shown," ORS 124.035.

An extended discussion of the facts would not benefit the bench, the bar, or the public. Petitioner obtained an *ex parte* restraining order against respondent under the Act. After being served with the restraining order, respondent requested a hearing pursuant to ORS 124.020(9). Both parties appeared at the hearing *pro se*. After hearing testimony, the trial court ordered "that the Restraining Order is continued in its entirety and all provisions in the order remain in effect." On a printed form, the court initialed the following statements, labeled "findings":

"A. The Petitioner is either a person 65 years of age or older, or the Petitioner is a person with disabilities within the meaning of ORS 124.020.

---

[1] As required by ORAP 5.15, the parties are referred to by their designations in the trial court; thus, appellant is referred to as "respondent," and respondent on appeal is referred to as "petitioner."

"B. The Petitioner has been abused by the Respondent as defined by ORS 124.005;

"C. The abuse of the Petitioner by the Respondent occurred within the last 180 days as provided in ORS 124.010;

"D. The Petitioner is in immediate danger of further abuse."

We will not disturb the trial court's findings of fact if they are supported by any evidence in the record. *Travis v. Strubel*, 238 Or App 254, 256, 242 P3d 690 (2010). Even assuming, without deciding, that evidence in the record supports the trial court's findings that (1) petitioner is a person 65 years of age or older or a person with disabilities, (2) petitioner was abused by respondent, and (3) the abuse occurred within 180 days of the issuance of the initial order, the record would still need to support the trial court's finding that "Petitioner is in immediate danger of further abuse." No evidence in the record suggests that respondent posed an "immediate and present danger of further abuse" to petitioner. ORS 124.010(1)(a), ORS 124.020(1). Thus, the trial court erred in continuing the restraining order.

Reversed.