EGAN, C. J.
*97 Respondent appeals an order continuing for one year a restraining order issued against her under the Elderly Persons and Persons with Disabilities Abuse Prevention Act (EPPDAPA), ORS 124.005 to 124.040. Because it is dispositive, we address only the second of respondent's two assignments of error and conclude that the record lacks evidence to support a finding that respondent presents an "immediate and present danger of further abuse" to petitioner, as required by EPPDAPA. Accordingly, we reverse.
The relevant facts are not in dispute. Petitioner, respondent's former mother-in-law, filed a petition for a restraining order under EPPDAPA. ORS 124.010(1)(b) (an elderly person subject to abuse within preceding 180 days may petition for relief if abuser presents immediate danger of further abuse). Petitioner alleged that on a single occasion within the previous 180 days, while petitioner was traveling, respondent broke into petitioner's home and disrupted some of her personal belongings. Petitioner also alleged that, at an unspecified time more than 180 days before filing the petition, respondent had verbally abused her. Following an ex parte hearing on October 9, 2017, the trial court issued a temporary restraining order under ORS 124.020(1)(c).
Respondent requested a hearing to contest the order. ORS 124.020(9) ; ORS 124.015. At the hearing, petitioner testified that the parties had seen each other on a single occasion in 2017, a child's soccer game at which the parties did not speak to each other, and that respondent had not attempted to contact her during 2017. The trial court found that respondent's conduct in entering petitioner's home and disturbing her personal property constituted "abuse" under ORS 124.005(1) and that respondent posed an "immediate and present danger of further abuse." Respondent appeals.
ORS 124.010 provides that "an elderly person * * * who has been the victim of abuse within the preceding 180 days * * * may petition the circuit court for relief * * *, if the person is in immediate and present danger of further abuse from the abuser." Petitioner has the burden of proving, by a preponderance of the evidence, that (1) she is an "elderly person," (2) she was "abused" by respondent, (3) the abuse *98 occurred within 180 days before the initial order, and (4) she is in immediate and present danger of further abuse. ORS 124.010(2) ; Doyle v. Rohrback , 257 Or. App. 523, 525, 306 P.3d 789 (2013).
Assuming, without deciding, that petitioner satisfied her burden of proof as to having been "abused" within 180 days prior to the initial order, the record lacks evidence to *1215 support a finding as to an immediate and present danger of further abuse. "Immediate and present danger," under ORS 124.020(4), "includes but is not limited to situations in which the respondent has recently threatened the elderly person * * * with additional abuse." Although respondent's actions at petitioner's home were offensive to petitioner, the lack of evidence that respondent made recent threats of additional abuse before the trial court's order does not support a finding that respondent posed an "immediate and present danger of further abuse" to petitioner. Nor does anything else in the record support such a finding.
Reversed.