***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted December 22, 2022, reversed February 1, 2023

C. J. H.,
*Petitioner-Respondent,*

*v.*

Adrian IBARRA-SANCHEZ,
*Respondent-Appellant.*

Marion County Circuit Court
21PO10611; A177747

Matthew L. Tracey, Judge pro tempore.

Daniel C. Silberman and Ferder Casebeer LLP filed the brief for appellant.

No appearance by respondent.

Before Shorr, Presiding Judge, and Lagesen, Chief Judge, and Mooney, Judge.

MOONEY, J.

Reversed.

**MOONEY, J.**

This is an Elderly Persons and Persons with Disabilities Abuse Prevention Act (EPPDAPA), ORS 124.005 to ORS 124.040, restraining order case between neighbors. Respondent appeals from an order that continued an *ex parte* restraining order following a contested hearing, raising two assignments of error. Respondent argues that the trial court erred by continuing the restraining order because there was insufficient evidence in the record to support the restraining order. Specifically, respondent argues that the evidence was insufficient to establish (1) that he abused petitioner within the requisite six-month period prior to the filing of the petition and (2) that petitioner was in immediate and present danger of further abuse from him. We agree that the record lacks sufficient evidence to support a finding that respondent abused petitioner under the definition provided by EPPDAPA. Accordingly, we reverse. Consequently, we need not reach respondent's second assignment of error.

Our review is for legal error, accepting the trial court's express and implied factual findings when they are supported by any evidence in the record and are consistent with its judgment. *M. E. D. v. Rohrback*, 257 Or App 523, 525, 306 P3d 789 (2013). Although a complete recitation of the facts would not benefit the parties, counsel, the bar, the bench, or the public, we provide the following brief summary drawn from the record according to that legal standard.

Respondent and petitioner are neighbors. Respondent had, at one time, done some yard work for petitioner. Petitioner observed respondent standing outside her home, looking at her front door, on one occasion during the six months immediately preceding the filing of her restraining order petition. That scared her. During some timeframe that is less clear, petitioner experienced "floodlights [] shining through [her] windows" that awoke her from her sleep and that "rattled" her. "[A]fter Halloween" she heard "a voice that came through [her] window. And he said, 'You are mine.'"[1] Petitioner was not sure if respondent was the

_____

[1] The petition was filed on October 22, 2021. The testimony about a voice heard "after Halloween" was given in December. It is not clear whether that was a reference to Halloween of 2021 or some prior year.

person outside her window or why there were floodlights during the night. The lug nuts on petitioner's car were often loosened, and someone was letting the air out of her tires. However, petitioner never observed respondent near her car. Once, when petitioner was eating in her car that was parked in the parking lot of a Carl's Jr. restaurant, petitioner saw respondent arrive and stand in the doorway of the restaurant. Petitioner testified that a different neighbor once told her that she was "being watched." Her ex-husband testified that, a full year before the hearing, respondent knocked on petitioner's front door asking to be paid for yard work he had done for her, and petitioner's ex-husband advised respondent that petitioner was busy.

Petitioner used an Oregon Judicial Department (OJD) petition form with the notation "EPPDAPA 01/2020" in the bottom left-hand corner when she filed her petition. That form listed nine categories of conduct, each of which the form indicated would "qualify for a restraining order," with check boxes for petitioner to select indicating the type of conduct that occurred in her case. The nine categories correspond with the various types of conduct that are defined as "abuse" in ORS 124.005(1) with one exception. The OJD form used by petitioner incorrectly lists as a category of abuse "C. Placed me in fear of immediate serious physical injury."[2] That category does not correspond with the definition of "abuse" in ORS 124.005(1).[3] When she filled out her EPPDAPA petition,

_____

[2] It appears that the OJD form has since been modified by removing the "placed in fear" category as an option. Trial courts should review their EPPDAPA forms to be sure the current version is what they are providing to petitioners.

[3] ORS 124.005 provides:

"(1) 'Abuse' means one or more of the following:

"(a) Any physical injury caused by other than accidental means, or that appears to be at variance with the explanation given of the injury.

"(b) Neglect that leads to physical harm through withholding of services necessary to maintain health and well-being.

"(c) Abandonment, including desertion or willful forsaking of an elderly person or a person with a disability or the withdrawal or neglect of duties and obligations owed an elderly person or a person with a disability by a caregiver or other person.

"(d) Willful infliction of physical pain or injury.

"(e) Use of derogatory or inappropriate names, phrases or profanity, ridicule, harassment, coercion, threats, cursing, intimidation or inappropriate

petitioner selected that category, "C," as one of the things that respondent did in the previous six months.

After hearing all the evidence, and referring to the petition itself, the trial court made certain findings. We provide the most pertinent findings here:

> "And so the question is whether there is sufficient evidence here that it's [respondent]. And the Court turns to the petition itself. There is a box checked for caused me physical injury by other than accidental means. This Court does not find sufficient evidence that there has been physical injury caused to the Petitioner.

> "There's also a box checked for attempted to cause me physical injury by other than accidental means. And this Court will not find sufficient evidence that there has been an attempt to cause physical injury. *Where the Court finds sufficient evidence but a question of identification is placed me in fear of immediate serious physical injury.*

> "When the Court considers the act of lurking outside the home in the dark, staring into the windows, knocking repeatedly, loosening lug nuts on the tires insofar as that has been described, lights being shined into the windows as well, *the Court would find that that is a sufficient basis to a preponderance to conclude that there was an effort to place someone in fear of immediate serious physical injury.*

---

sexual comments or conduct of such a nature as to threaten significant physical or emotional harm to the elderly person or person with a disability.

"(f) Causing any sweepstakes promotion to be mailed to an elderly person or a person with a disability who had received sweepstakes promotional material in the United States mail, spent more than $500 in the preceding year on any sweepstakes promotions, or any combination of sweepstakes promotions from the same service, regardless of the identities of the originators of the sweepstakes promotion and who represented to the court that the person felt the need for the court's assistance to prevent the person from incurring further expense.

"(g) Wrongfully taking or appropriating money or property, or knowingly subjecting an elderly person or person with a disability to alarm by conveying a threat to wrongfully take or appropriate money or property, which threat reasonably would be expected to cause the elderly person or person with a disability to believe that the threat will be carried out.

"(h) Sexual contact with a nonconsenting elderly person or person with a disability or with an elderly person or person with a disability considered incapable of consenting to a sexual act as described in ORS 163.315. As used in this paragraph, 'sexual contact' has the meaning given that term in ORS 163.305."

"* * * * *

"Ultimately this Court after much discussion about the evidence, is going to conclude that merely it is convinced to a preponderance that [respondent] has engaged in that conduct based on an assessment of what it finds to be the credible evidence in the case. And so notwithstanding the denials that have been made, this Court is inclined to sustain the restraining order."

(Emphases added.) Stated plainly, the court found that petitioner met her burden of proof solely on the allegation that respondent had "placed her in fear of immediate serious physical injury."

The trial court correctly concluded, either expressly or impliedly, that petitioner did not meet her burden on the allegations that respondent caused her physical injury, attempted to cause her physical injury, willfully inflicted her with physical pain or injury, or that he used derogatory language or otherwise threatened or intimidated her in such a way as to place her in fear of significant physical or emotional harm. When it nevertheless concluded that the evidence established that respondent had placed petitioner in fear of immediate serious physical injury, the court erred as a matter of law because that conclusion, without more, fails to describe "abuse" as that term is defined in the EPPDAPA statutes.

Reversed.