No. 1070            December 10, 2025            599

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

K. E. H.,
*Petitioner-Respondent,*

*v.*

ROBERT FREDERICK RADLOFF,
*Respondent-Appellant.*

Clatsop County Circuit Court
23PO13548; A184133

Kirk C. Wintermute, Judge.

Argued and submitted on September 10, 2025.

Robert Frederick Radloff argued the cause and filed the brief *pro se*.

No appearance by respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Respondent appeals from an order granting an *ex parte* restraining order pursuant to the Elderly Persons and Persons with Disabilities Abuse Prevention Act (EPPDAPA), ORS 124.005 to 124.040,[1] as well as the continuance of that order following a contested hearing. Respondent raises four assignments of error. We affirm for the following reasons.

The trial court issued a restraining order under the EPPDAPA, which requires that the petitioner prove "by a preponderance of the evidence, that (1) she is [a 'disabled] person,' (2) she was 'abused' by respondent, (3) the abuse occurred within 180 days before the initial order, and (4) she is in immediate and present danger of further abuse." *D. R. S. v. Baker*, 296 Or App 96, 97-98, 437 P3d 1213 (2019) (citing ORS 124.010(2) and *M. E. D. v. Rohrback*, 257 Or App 523, 525, 306 P3d 789 (2013)).

In his first three assignments of error, respondent argues that the trial court erred in granting and then continuing the restraining order because there was insufficient evidence to support the trial court's determinations that petitioner suffered from a "disability"; that respondent had subjected petitioner to "abuse"; and that petitioner was in "immediate and present danger of further abuse by respondent."

"We review an order issued under EPPDAPA by accepting the trial court's findings of fact if they are supported by any evidence in the record." *A. K. F. v. Burdette*, 310 Or App 49, 51, 484 P3d 362 (2021). "In the absence of explicit factual findings, we presume that the court found facts consistent with its judgment in petitioner's favor." *Id*. "We review the trial court's legal conclusions for errors of law." *Id*.

---

[1] ORS 124.010(1)(a) provides:

"Except as provided in subsection (8) of this section, an elderly person or *a person with a disability* who has *been the victim of abuse* within the preceding 180 days or a guardian or guardian ad litem of an elderly person or a person with a disability who has been the victim of abuse within the preceding 180 days may petition the circuit court for relief under ORS 124.005 to 124.040, if the person is in immediate and present danger of further abuse from the abuser."

(Emphases added.)

For the purposes of the EPPDAPA, "[p]erson with a disability" means a person described in ORS 410.040(7) or ORS 410.715. ORS 124.005(9). "[T]o qualify as a 'person with a disability' under ORS 410.040(7), a person must demonstrate that they have a physical or mental impairment that restricts one or more major life activities, when viewed in comparison with most people in the general population." *A. K. F.*, 310 Or App at 55. In this case, petitioner testified at the initial appearance and at the contested hearing about her different physical difficulties and the way those impacted her daily living. That testimony provided sufficient evidence to support the trial court's finding that petitioner was a "person with a disability" under ORS 410.040(7).

ORS 124.005(1) defines "abuse" for the purposes of the EPPDAPA.[2] Abuse includes the "willful infliction of physical pain or injury." ORS 124.005(1). At the contested hearing, petitioner testified that soon after she had shoulder surgery, respondent caused her pain by shoving her in the shoulder. Therefore, we conclude that the evidence in the record supports the trial court's finding that petitioner was subject to "abuse" as defined in ORS 124.005(1).

ORS 124.020(4) provides that "[i]mmediate and present danger under this section includes but is not limited to situations in which the respondent has recently threatened the person with a disability with additional abuse." At the *ex parte* hearing, petitioner testified that respondent had threatened her by stating "you won't be surprised when you're—you end up a grease spot" and that her "goose [was] cooked." Petitioner interpreted these statements to mean that she was "done." At the contested hearing, petitioner added that she believed that respondent was dangerous

---

[2]  ORS 124.005(1) provides, in relevant part, that

"'Abuse' means one or more of the following:

"(a)  Any physical injury caused by other than accidental means, or that appears to be at variance with the explanation given of the injury.

"*****

"(d)  Willful infliction of physical pain or injury.

"(e)  Use of derogatory or inappropriate names, phrases or profanity, ridicule, harassment, coercion, threats, cursing, intimidation or inappropriate sexual comments or conduct of such a nature as to threaten significant physical or emotional harm to the elderly person or person with a disability."

because he had previously physically assaulted her family members. The evidence permitted the trial court to conclude that petitioner had met her burden to show that she was in immediate and present danger of further abuse.

In the fourth assignment of error, respondent argues that the definition of abuse in ORS 124.005(1)(e) is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, that it violates Article I, section 20, of the Oregon Constitution, and that is violates the guarantee of free expression in Article I, section 8, of the Oregon Constitution.[3] Those arguments are unpreserved, as respondent acknowledges. Respondent requests plain error review. We conclude that the error is not plain and, even if it were, we would not exercise our discretion to correct it on this record.

Therefore, we conclude that the trial court's findings that petitioner had a disability, was abused by respondent, and was in immediate and present danger of further abuse were supported by the evidence in the record.

Affirmed.

---

[3] At least one incident of abuse in this case involved solely conduct and qualified as abuse under ORS 124.005(1)(d), as described above.